## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

REX H. ASHLEY, JR.,                    )
                                       )
     Petitioner,                      )
                                       )
v.                                     )          CIVIL ACTION NO. 5:10-0691
                                       )
DAVID BERKEBILE,                       )
Warden, FCI Beckley,                   )
                                       )
     Respondent.                      )

### PROPOSED FINDINGS AND RECOMMENDATION

On April 29, 2010, Petitioner, an inmate incarcerated at FCI Beckley, Beaver, West Virginia, and acting *pro se*, filed his Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* By a Person in State or Federal Custody.[1] (Document No. 1.) Petitioner alleges that the Federal Bureau of Prisons [BOP] improperly calculated his term of imprisonment. (Id.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.)

### PROCEDURE AND FACTS

On November 4, 1998, Petitioner pled guilty in the United States District Court for the Western District of Pennsylvania to one count of armed bank robbery, in violation of 18 U.S.C. 2213. United States v. Ashley, Criminal No. 3:98-00016 (W.D.Pa. Nov. 4, 1998). Also on November 4, 1998, the District Court sentenced Petitioner to a 53-month term of imprisonment, to be followed

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

by a three-year term of supervised release.[2] Id., Document No. 24. On September 13, 2002, Petitioner was release from custody and placed on supervised release.

On October 4, 2006, the government filed a Petition to Show Cause as to why supervision should not be revoked. United States v. Ashley, Criminal Action No. 2:06-0338 (W.D.Pa. Jan. 25, 2007), Document No. 2. On January 25, 2007, the District Court determined that Petitioner violated the terms and conditions of his supervised release and imposed a 30-month term of imprisonment. Id., Document No. 9.

On April 14, 2005, Petitioner pled guilty in the United States District Court for the Western District of Pennsylvania to one count of armed bank robbery, in violation of 18 U.S.C. § 2113(d) (Count One); and one count of interstate transportation of a stolen vehicle, in violation of Title 18 U.S.C. § 2312 (Count Two). United States v. Ashley, Criminal No. 2:05-0090 (W.D.Pa. Mar. 9, 2007). On March 9, 2007, the District Court sentenced Petitioner to an 84-month term of imprisonment as to each count to run concurrently, to be followed by a five-year term of supervised release. Id., Document No. 46. The District Court further ordered that the term of imprisonment run concurrently with Petitioner's term of imprisonment imposed in United States v. Ashley, Criminal Action No. 2:06-0338. Id. On March 29, 2007, Petitioner filed a Notice of Appeal. Id., Document No. 47. By Order entered July 19, 2007, the Third Circuit Court of Appeals dismissed Petitioner's appeal pursuant to Rule 42(b) of the Federal Rules of Appellate Procedure. Id., Document No. 52. On February 3, 2010, Petitioner filed a "Motion Seeking Clarification Sentence." Id., Document No.

---

[2]  The District Court noted that Petitioner's sentence was "imposed after having departed downward pursuant to section 5G.3(c) of the Sentencing Guidelines and under the authority of *U.S. v. Brannon*, and having taken into account the approximately 17 months already served on his state sentence (i.e. departure from 70 months to 53 months). *United States v. Ashley*, Criminal No. 3:98-00016, Document No. 24.

55. Specifically, Petitioner requested that the District Court enter an order "holding that the period between January 25, 2007, and March 9, 2007, is run concurrent with the 84 months imposed for the instant offense." Id. By Order entered on February 4, 2010, the District Court construed Petitioner's motion as a petition for *habeas* relief under 28 U.S.C. § 2241 and denied the motion with prejudice. Id., Document No. 56.

On April 29, 2010, Petitioner filed his instant Application under 28 U.S.C. § 2241, in which he challenges the BOP's computation of his sentence and his receipt of prior custody credit. (Document No. 1.) Petitioner contends that he is entitled to credit for time spent in custody beginning on January 25, 2007, and ending on March 9, 2007. (Id., pp. 1 - 4.) Petitioner claims that he is entitled to credit for the above time period because the District Court in Criminal Action No. 2:05-0090 imposed the following sentence: "Eighty-four (84) months at Count One and eighty-four (84) months at Count Two to run concurrent to each other and to run concurrent to defendant's sentence imposed at Criminal No. 06-0338." (Id.)

Petitioner attaches the following documents as Exhibits: (1) Copy of Petitioner's Informal Request for Administrative Remedy dated February 10, 2010 (Id., p. 6.); (2) Copy of Warden Craig's Response to Petitioner's Administrative Remedy Request dated March 9, 2010 (Id., p. 7.); (3) Copy of the Regional Administrative Remedy Appeal dated March 28, 2010 (Id., p. 8.); (4) Copy of the Order denying Petitioner's Motion for Clarification of Sentence entered on February 4, 2010, by the United States District Court for the Western District of Pennsylvania (Id., pp. 9 - 10); (5) Copy of Petitioner's "Sentence Monitoring Computation Data as of 12-14-2007 (Id., pp. 11 - 14); (6) Copy of Sentencing Order entered by the United States District Court for the Western District of Pennsylvania in Criminal Action No. 2:06-0338 (Id., p. 15.); (7) Copy of the Judgment and

3

Sentencing Order entered by the United States District Court for the Western District of Pennsylvania in Criminal Action No. 2:05-0090 (Id., pp. 16 - 20); (8) Copy of the "Joint Motion to Reschedule Due Dates for Filing Objections to the Presentence Investigation Report, Counsels' Joint Status Report, and Memoranda in Aid of Sentencing and to Postpone Sentencing Hearing" filed in Criminal Action No. 2:05-0090 (Id., pp. 21 - 24); and (9) Copy of U.S.S.G. § 5G1.3. (Id., pp. 25 - 28).

## ANALYSIS

Essentially, Petitioner contends that he is entitled to credit for time spent in custody beginning on January 25, 2007, the date of his sentence in Criminal Action No. 2:06-0338, and ending on March 9, 2007, when the BOP began computation of his sentence for Criminal Action No. 2:05-0090. The authority to calculate a federal prisoner's period of incarceration of the sentence imposed, and to provide credit for time served, is delegated to the Attorney General, who exercises it through the BOP. See United States v. Wilson, 503 U.S. 329, 334 - 335, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992). In addressing any sentencing computation issue, a District Court must consider: (1) when the sentence commenced; and (2) the extent to which the petitioner may be entitled to credit for time spent in custody prior to commencement of the sentence. Chambers v. Holland, 920 F.Supp. 618, 621 (M.D.Pa.), affd, 100 F.3d 946 (3d Cir. 1996).

**A.    Petitioner's sentence did not commence until March 9, 2007.**

Title 18 U.S.C. § 3585(a) governs the date a federal sentence commences. Section 3585(a) provides as follows: "A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." A federal sentence,

however, cannot commence prior to the date it is pronounced even if made concurrent with a sentence already being served. Miramontes v. Driver, 243 Fed.Appx. 855 (5th Cir. 2007)(finding that "defendant was not entitled to credit against subsequently imposed sentence for time served which had previously been credited against first-imposed sentence, despite second sentencing court's order that sentences at issue be served concurrently"); Coloma v. Holder, 445 F.3d 1282 (11th Cir. 2006)(finding that petitioner's sentence on second conviction that was ordered to run concurrently with his sentence on related first conviction, was not retroactive to the beginning of the first sentence); United States v. LaBeilla-Soto, 163 F.3d 93, 98 (2nd Cir. 1998)(finding that "the district court had no authority to grant defendant sentencing credit for time he spent in federal custody before sentencing"); United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980)(stating that a federal sentence "cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served"); Shelvy v. Whitfield, 718 F.2d 441, 444 (D.C.Cir. 1983)(stating that "a federal sentence made concurrent with a sentence already being served does not operate in a 'fully concurrent' manner. Rather, the second sentence runs together with the remainder of the one then being served"). Although the District Court ordered that Petitioner's sentence in Criminal Action No. 2:05-0090 was to run concurrently with Criminal Action No. 2:06-0338, Petitioner's sentences may not run fully concurrently. Therefore, the undersigned finds that Petitioner's sentence in Criminal Action No. 2:05-0090 could not commence prior to the date of its imposition on March 9, 2007.

### B. Petitioner is not entitled to prior custody credit.

Title 18 U.S.C. § 3585(b) provides as follows:

**(b) Credit for prior custody. --** A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences - -

      **(1)** as a result of the offense for which the sentence was imposed; or

      **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not be credited against another sentence.

The United States Supreme Court has held that under Section 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time." Wilson, 503 U.S. at 337, 112 S.Ct. at 1355 - 56; also see United States v. Mojabi, 161 F.Supp.2d 33, 36 (D.Mass. 2001)(holding that "[s]ection 3885(b) prohibits 'doubt credit,' i.e. awarding credit for presentence time served against one sentence if that time has already been credited against another sentence"). In the instant case, the Court finds that Petitioner properly received credit against his sentence imposed in Criminal Action No. 2:06-0338 for the time period beginning January 25, 2007, and ending March 9, 2007. Thus, the BOP may not grant prior custody credit for time that has been credited against another sentence. United States v. Goulden, 54 F.3d 774 (4th Cir. 1995)(holding that credit is only available for time spent in custody which has not been credited against another sentence); United States v. Brown, 977 F.2d 574 (4th Cir. 1992)(finding that "a defendant may receive credit against his federal sentence for time spent in official detention prior to the date his sentence commences unless it has been credited against another sentence"). Accordingly, the undersigned finds that Petitioner is not entitled to *habeas* relief and his Petition should be dismissed.

    **C.**    **Petitioner's claim based upon U.S.S.G. § 5G1.3(b).**

    To the extent Petitioner bases his argument upon the application of U.S.S.G. § 5G1.3(b), the undersigned finds his claim as one properly considered under Section 2255, not Section 2241. Essentially, Petitioner challenges the validity of his sentence imposed by the Western District of

Pennsylvania in Criminal Action No. 2:05-0090. Petitioner alleges that the District Court should

have applied U.S.S.G. § 5G1.3(b),[3] thereby adjusting his sentence imposed in Criminal Action No.

2:05-0090 for the time period of imprisonment already served in Criminal Action No. 2:06-0338.

Petitioner is basically challenging the validity of his sentence, not the manner in which his sentence

is being executed. Therefore, in view of the nature of the above claim, the Application must be

considered as a Motion to Vacate, Set Aside or Correct his sentence under Section 2255.

It is quite clear from the language in the first paragraph of 28 U.S.C. § 2255 that Motions

thereunder must be filed in the sentencing Court. The first paragraph of 28 U.S.C. § 2255 provides

as follows:

> A prisoner in custody under sentence of a court established by Act of Congress
> claiming the right to be released upon the ground that the sentence was imposed in
> violation of the Constitution or the laws of the United States, or that the court was
> without jurisdiction to impose such sentence, or that the sentence was in excess of
> the maximum authorized by law, or is otherwise subject to collateral attack, *may
> move the court which imposed the sentence to vacate, set aside or correct the
> sentence.*

---

[3] Guideline Section 5G1.3(b) provides as follows:

If subsection (a) does not apply, and a term of imprisonment resulted from another
offense that is relevant conduct to the instant offense of conviction under the
provisions of subsection (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct) and
that was the basis for an increase in the offense level for the instant offense under
Chapter Two (Offense Conduct) or Chapter Three (Adjustments), the sentence for
the instant offense shall be imposed as follows:

> **(1)** the court shall adjust the sentence for any period of imprisonment already
> served on the undischarged term of imprisonment if the court determines that
> such period of imprisonment will not be credited to the federal sentence by
> the Bureau of Prisons; and

> **(2)** the sentence for the instant offense shall be imposed to run concurrently
> to the remainder of the undischarged term of imprisonment.

7

(Emphasis added.) Considering Petitioner's Application as a Section 2255 Motion, it is clear that this District Court lacks jurisdiction to consider it. Rather, jurisdiction is properly in the Western District of Pennsylvania. While a Section 2255 Motion filed in a Court other than the sentencing Court should be transferred to the Court which sentenced the petitioner, Petitioner's Application in this case should be dismissed because his Application construed as a Section 2255 Motion is untimely under the one year limitation period of Section 2255(f).[4]

Furthermore, Petitioner has not demonstrated and cannot demonstrate that Section 2255 was inadequate or ineffective such that he could resort to Section 2241. The undersigned notes that Petitioner does not allege an intervening change in law that establishes his actual innocence. Additionally, Section 2255 is not rendered inadequate or ineffective merely because an individual is barred procedurally or by the gatekeeping requirements of Section 2255. Therefore, Petitioner has failed to sustain his burden of showing the inadequacy or ineffectiveness of a Section 2255 Application and his Section 2241 Petition should be dismissed.[5]

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Petitioner's Application (Document No. 1.) with prejudice and remove this matter from the Court's docket.

---

[4]Petitioner was sentenced by Judgment entered on March 19, 2007. On March 29, 2007, Petitioner filed his Notice of Appeal. The Third Circuit Court of Appeals dismissed Petitioner's appeal on July 19, 2007. Petitioner's sentence became final 90 days later when he did not file a petition for writ of certiorari with the United States Supreme Court (October 17, 2007). On April 29, 2010, approximately one year and six months after the one year period expired, Petitioner filed the instant Petition raising issues challenging his sentence Criminal No. 2:05-0090. Petitioner's Petition is therefore clearly untimely.

[5] The undersigned further notes that Petitioner acknowledges that he did not fully exhaust his administrative remedies. (Document No. 1, pp. 4 - 5.)

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby FILED, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to counsel of record and to Petitioner, who is acting *pro se*.

Date: June 14, 2010.

R. Clarke VanDervort
United States Magistrate Judge

9